| UNITED STATES BANKRUPTCY COURT |
| --- |
| DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-2(c) |
| PHELAN HALLINAN DIAMOND & JONES, PC |
| 400 Fellowship Road, Suite 100 |
| Mt. Laurel, NJ 08054 |
| 856-813-5500 |
| Attorney for BANK OF AMERIVA, N.A. |

Case No.: 14-24721-CMG

In Re:

Hearing Date:

KLAUS SCHMEIL

Judge: Christine M. Gravelle

### CERTIFICATION OF DEBTOR IN SUPPORT OF MOTION TO ALLOW MODIFICATION OF MORTGAGE

I, Klaus Schmeil, being of full age, do hereby certify the following:

1. I am the Debtor in the above-captioned Bankruptcy Case and I am fully familiar with the facts pertaining to this Motion. This Certification is being filed in support of the Motion to Allow Modification of the Second Lien Security Instrument ("Mortgage") with BANK OF AMERICA, N.A.

2. On July 18, 2014, I filed a Chapter 13 Bankruptcy Case in the United States Bankruptcy Court, District of New Jersey and was assigned case number 14-24721-CMG.

3. I currently have a Second Lien Security Instrument with BANK OF AMERICA, N.A., with regards to its mortgage on the property, located at 30 LIBERTY HILL LANE, LAKE PLACID, NY 12946 (loan ending in 2499).

4. I have applied for a loan modification with BANK OF AMERICA, N.A. The loan modification has been approved contingent upon Bankruptcy Court approval.

5. The modification of the Second Lien Security Instrument is as follows: Monthly principal and interest payments of $182.12 starting May 1, 2017. The original principal balance of the loan was $108,240.00. Under the modification the principal balance is $110,787.43. Under the modification the interest rate is 2.0% and will increase to 3.75% beginning 04/01/2022.

6. By this Motion I am seeking the Court's permission to modify my Second Lien Security Instrument with BANK OF AMERICA, N.A.

Wherefore, I am respectfully requesting that this Court grant the present motion and permit the modification of the aforesaid mortgage on my real property described above. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 9-6-2017         _____
                       Klaus Schmeil
                       Debtor

796989
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
<u>Attorney for Secured Creditor: BANK OF AMERICA, N.A.</u>

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ENW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| In Re: | Case No.: 14-24721 |
|---|---|
| KLAUS SCHMEIL | Hearing Date: |
| | Judge: CHRISTINE M. GRAVELLE |

# MOTION TO APPROVE LOAN MODIFICATION

AND NOW COMES, Movant, BANK OF AMERICA, N.A., by and through their attorney, Phelan Hallinan Diamond & Jones, PC, and respectfully represents:

1. That the Debtors filed a Chapter 13 Petition on: <u>July 18, 2014</u>.

2. Albert Russo was appointed the standing Chapter 13 Trustee.

3. Debtors currently has a second mortgage lien with <u>BANK OF AMERICA, N.A.</u>, with regards to its mortgage on the property, located at 30 LIBERTY HILL LANE, LAKE PLACID, NY 12946 (loan ending in 2499).

4. Debtors have applied for a loan modification with BANK OF AMERICA, N.A. The loan modification has been approved contingent upon Bankruptcy Court approval (see Loan Modification attached).

5. The terms of the modifications are as follows:

    *Monthly principal and interest payments of $182.12 starting May 1, 2017. The original principal balance of the loan was $108,240.00. Under the modification the principal balance is $110,787.43. Under the modification the interest rate is 2.0% and will increase to 3.75% beginning 04/01/2022.*

6. Approval and recording (if applicable) of the loan modification shall not constitute a violation of the automatic stay.

**WHEREFORE**, the Movant respectfully request that this Honorable Court grant the instant Motion to Approve Loan Modification.

/s/ James P. Shay  
James P. Shay, Esq.  
Phelan Hallinan Diamond & Jones, PC  
400 Fellowship Road, Suite 100  
Mt. Laurel, NJ 08054  
Tel: 856-813-5500 Ext. 41326  
Fax: 856-813-5501  
Email: james.shay@phelanhallinan.com

Date: August 10, 2017

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

796989
PHELAN HALLINAN DIAMOND & JONES, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
Attorneys for BANK OF AMERICA, N.A.

In Re:

KLAUS SCHMEIL

Case No: 14-24721 - CMG

Hearing Date: _____

Judge: CHRISTINE M. GRAVELLE

Chapter: 13

# CERTIFICATION OF SERVICE

1. I, Colleen T. Mangold:

   ☐ represent the _____ in the above-captioned matter.

   ☒ am the secretary/paralegal for Phelan Hallinan Diamond & Jones, PC, who represents BANK OF AMERICA, N.A. in the above captioned matter.

   ☐ am the _____ in the above case and am representing myself.

2. On September 6, 2017 I sent a copy of the following pleadings and/or documents to the parties listed below:

   Motion to Approve Loan Modification

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated: September 6, 2017          /s/ *Colleen T. Mangold*
                                      Colleen T. Mangold

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| KLAUS SCHMEIL<br>30 LIBERTY HILL LANE<br>LAKE PLACID, NY 12946 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| KLAUS SCHMEIL<br>19 GARNET LN<br>WEST WINDSOR, NJ 08550-5219 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| ELAHE SCHMEIL<br>19 GARNET LN<br>WEST WINDSOR, NJ 08550-5219 | Co-Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| WILLIAM H. OLIVER, JR., Esquire<br>2240 STATE HIGHWAY 33<br>SUITE 112<br>NEPTUNE, NJ 07753 | Debtor's Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |

3

| | | |
|---|---|---|
| ALBERT RUSSO, Trustee<br>CN 4853<br>TRENTON, NJ 08650-4853 | Trustee | ☐ Hand-delivered<br>☒ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |

* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

**After Recording Return To:**
Bank of America, N.A.
11802 Ridge Parkway, Ste 100 HRM
Home Retention
Broomfield, CO 80021

This document was prepared by Bank of America, N.A.

_____[Space Above This Line For Recording Data]_____

## HOME AFFORDABLE SECOND LIEN MODIFICATION AGREEMENT

Borrower ("I")[1] Klaus Schmeil and Elahe Schmeil

Original Lender/Beneficiary Lender or Servicer ("Lender"): Bank of America, N.A.
Date of Second Lien Security Instrument ("Mortgage") and Note or Loan Agreement (the "Note"): September 7, 2007
Second Lien Loan Number: ▮▮▮▮▮▮▮▮
Property Address ("Property"): 30 Liberty Hill Lane, Lake Placid, NY 12946

If my representations in Section 1 below continue to be true and correct as of the date when all other conditions for this Home Affordable Second Lien Modification Agreement ("2MP Modification Agreement") to become effective have been satisfied, then this Home Affordable Agreement will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents" and the loan or line of credit evidenced by the Loan Documents is referred to as the "Loan." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Page 1

I understand that I must sign and return one copy of this Home Affordable Agreement to the Lender on or before May 8, 2017. This Agreement will not take effect unless the conditions set forth in Section 2 have been satisfied.

1. **My Representations.** I represent and warrant to Lender as follows:

    A. I AFFIRM THAT I HAVE ENTERED INTO A ("HAMP MODIFICATION") ON MY FIRST LIEN MORTGAGE LOAN (THE "FIRST MORTGAGE") SECURED BY THE PROPERTY UNDER THE HOME AFFORDABLE MODIFICATION PROGRAM ("HAMP") or GSE STANDARD MODIFICATION PROGRAM.

    B. Under penalty of perjury, all documents and information I have provided to the Lenders in connection with my ("HAMP Modification") and this Home Affordable Modification Agreement, including any trial period plans, are true and correct;

    C. If I received a discharge in a Chapter 7 Bankruptcy proceeding subsequent to the execution of the Loan Documents, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

    D. I have filed for bankruptcy protection and am currently in an active bankruptcy proceeding. I have obtained all necessary approvals for this Home Affordable Modification Agreement from the U.S. Bankruptcy Court in which my proceeding is pending.

2. **Conditions to Modification.** I understand and acknowledge that:

    A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations and warranties set forth in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Lender will have all of its rights and remedies under the Loan Documents and applicable law, and any payments I make under this Agreement shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

    B. I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender and Lender receives from me a signed copy of this Agreement, (ii) my First Mortgage has been permanently modified under ("HAMP Program") and the ("HAMP Modification") has become effective, and (iii) my First Mortgage as modified under ("HAMP Program") is in good standing

as of the Modification Effective Date. "Good standing" means my First Mortgage has never been past due by three or more monthly payments at the end of any month. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

C. I may not make any alterations or changes to any terms or provisions of this Home Affordable Modification Agreement without the written consent of the Lender.

D. Notwithstanding any other provision in this Agreement, I will not be legally obligated to the Agreement until I make my first payment under the agreement on the Modification Effective Date, as defined in section 3 below.

3. **The Modification.** If my representations in Section 1 continue to be true and correct and all conditions to the modification set forth in Section 2 have been met, the Loan Documents will become modified as provided in this Agreement as of 05/01/2017 (the "Modification Effective Date"). As of that date, all unpaid late charges, insufficient fund fees, and certain other home equity loan or line of credit-related fees will be waived, and my Mortgage will be current. The first modified monthly payment will be due on the Modification Effective Date, and subsequent modified payments will be due on the first day of each month.

   A. The modified principal balance of my Note (the "New Principal Balance"): (1) will include all amounts and arrearages that are accrued and unpaid (which may include accrued and unpaid interest, real estate taxes and insurance premiums) and out of pocket costs and expenses incurred in performing second lien servicing obligations; (2) and will exclude any accrued and unpaid late charges, insufficient fund fees, and certain other home equity loan or line of credit-related fees that may have been incurred after the loan originated, which will be waived (collectively the "Unpaid Amounts"). The New Principal Balance of the Note will be $110,787.43. I understand that by agreeing to add the Unpaid Amounts to the unpaid principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under the Note as modified by this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is now included in the New Principal Balance, if any, and that this would not happen without this Agreement.

   B. Interest at the rate of 2.000% will begin to accrue on the New Principal Balance as of April 1, 2017 and the first modified monthly payment will be due on the Modification Effective Date in the amount of $182.12. This 2.000% rate will

remain in effect for five years from the Modification Effective Date. At the end of this five-year period, my interest rate will increase to the rate then in effect for my First Mortgage under my ("HAMP Modification"); thereafter the interest rate will increase in the same amount and on the same schedule as is provided for the interest on my First Mortgage under the terms of my ("HAMP Modification").

The unpaid principal balance as of the Modification Effective Date will be amortized over the period from the Modification Effective Date to the New Maturity Date as defined below.

On each date on which a new interest rate begins (the "Interest Rate Beginning Date"), as shown in the table below, Lender will determine the amount of the monthly payment that would be sufficient to repay the unpaid principal balance in full on the New Maturity Date that I owe on the Interest Rate Beginning Date at the new interest rate. The result of this calculation will be the amount of the new scheduled payment. The exact monthly payment amount I must pay for each month will be shown on my monthly statement as Total Payment Due. If you make your monthly payments after the due date, this could cause the amount of your final payment to increase. Conversely, if you make your monthly payments before the due date, this could cause the amount of your final payment to decrease. In either case, these amounts will be reflected in the amount of your final payment shown on your final monthly statement.

My final payment will be due and payable at the New Maturity Date of April 1, 2057 and will reflect any amounts subject to forbearance or deferral by Lender.

My interest rate schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Beginning Date | Monthly Principal and/or Interest Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment begins on | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.000% | 04/01/2017 | $182.12 | $0.00 | $182.12 | 05/01/2017 | 60 |
| 6-40 | 3.750% | 04/01/2022 | $474.07 | $0.00 | $474.07 | 05/01/2022 | 419 |
| Final Payment | | | | | *$491.75 | 04/01/2057 | 1 |

\* This is the amount of the final payment on your loan, assuming all scheduled principal payments are made in accordance with this Home Affordable Modification Agreement. This payment includes the Deferred Principal Balance, any amounts amortized to an Amortization Date beyond the Maturity Date, and all other amounts due and owing on the Maturity Date as set forth in this Home Affordable Modification Agreement.

THE TERM OF THE LOAN IS 40 YEARS. AS A RESULT, YOU WILL BE REQUIRED TO REPAY THE ENTIRE PRINCIPAL BALANCE AND ANY ACCRUED INTEREST THEN OWING 40 YEARS FROM THE DATE ON WHICH THE LOAN IS MADE.

THE LENDER HAS NO OBLIGATION TO REFINANCE THIS LOAN AT THE END OF ITS TERM. THEREFORE, YOU MAY BE REQUIRED TO REPAY THE LOAN OUT OF ASSETS YOU OWN OR YOU MAY HAVE TO FIND ANOTHER LENDER WILLING TO REFINANCE THE LOAN.

ASSUMING THIS LENDER OR ANOTHER LENDER REFINANCES THIS LOAN AT MATURITY, YOU WILL PROBABLY BE CHARGED INTEREST AT MARKET RATES PREVAILING AT THAT TIME AND SUCH RATES MAY BE HIGHER THAN THE INTEREST RATE PAID ON THIS LOAN. YOU MAY ALSO HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW MORTGAGE LOAN.

THE AMOUNT OF THE FINAL PAYMENT ON THIS LOAN, ASSUMING ALL SCHEDULED PRINCIPAL PAYMENTS ARE MADE IN ACCORDANCE WITH THIS HOME AFFORDABLE MODIFICATION AGREEMENT, IS $491.75.

C.  I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Home Affordable Modification Agreement.

D.  If the Loan Documents contain a provision for a default rate of interest, that provision is null and void. In the event of default under the Loan Documents, as modified by this Home Affordable Modification Agreement, the interest that will be due will be the applicable rate set forth in Section 3.B. of this Home Affordable Modification Agreement.

E.  If my monthly payments are automatically being deducted from a deposit account under PayPlan, I agree that from and after the effective date of this Modification Agreement, my PayPlan payments will be deducted from my account on the first day of the month and in the amount of my new monthly payments under the terms of this Agreement, unless I contact Servicer at **800.669.6650, Monday through Friday, 8 a.m. to 5 p.m. local time** and make

other arrangements at least five days in advance of my PayPlan payment; provided, however, that if I made any payments for amounts included in the New Unpaid Principal Balance and such amounts were applied to the first payment due under this Modification Agreement on the Modification Effective Date, then my PayPlan payments will be deducted on the first day of the month beginning the month after the Modification Effective Date.

I agree that if I make any payments for amounts included in the New Unpaid Principal Balance under this Modification Agreement, Servicer may apply those payments to the first payment due under this Modification Agreement on the Modification Effective Date, for amounts received on or after the first day of the month before the Modification Effective Date; and otherwise Servicer may apply those payments to reduce the Unpaid Principal Balance of my Loan.

In addition, I agree that any remaining unapplied amounts may be applied to reduce the principal balance of my Loan. I understand that all payments due between the date Servicer sent this Modification Agreement to me and the Modification Effective Date are included in the New Unpaid Principal Balance.

F. I understand that if I am current on my payments on both my first and second lien modified mortgages and meet the requirements stated in this paragraph, I will accrue a monthly benefit that will be paid annually to Lender by the Department of the Treasury up to $250 per year ("Incentive Payment") for up to five years. So long as both my first and second lien mortgage loans remain in good standing and neither mortgage has been paid in full as of the date the Incentive Payment is made, this payment will be applied annually to pay down the principal on my second lien mortgage, helping me to build equity in my home. My first or second lien loan will no longer be considered in "good standing" if three or more payments have been past due at the end of any month and good standing cannot be restored even if I cure the delinquency. Payments made during the trial period are not included in determining the Incentive Payment.

4. **Consent to Release of Personal Information.** I agree and consent to the disclosure of my personal information, including the terms of this Home Affordable Modification Agreement or of any ("HAMP Modification") Trial Period Plan as follows:

A. To the U.S. Treasury Department for purposes related to ("HAMP Modification") or the Home Affordable Second Lien Modification Program ("2MP Program");

  B. To any investor, insurer, or guarantor that owns, insures or guarantees my Loan;

  C. To the servicer of my first lien mortgage loan;

  D. To Fannie Mae and Freddie Mac as necessary for either to perform its respective obligations as financial agents of the U.S. Treasury Department in connection with ("HAMP Modification") and the Home Affordable Program; and

  E. To companies that perform support services for HAMP and the Home Affordable Program, including marketing these programs, conducting surveys or providing marketing research or other borrower outreach, data processing, and technical systems consulting.

5. **Additional Agreements.** I agree to and certify the following:

  A. I have a Home Equity Line of Credit ("HELOC") under my Loan Documents. If my ability to draw on the HELOC has not yet been terminated, I hereby consent to the termination of my ability to make future draws on my HELOC as of the date all parties have executed this Home Affordable Modification Agreement. This means that I will not be able to make further draws on my HELOC; that if an access card was issued in connection with my HELOC, that access card will no longer be usable; and that if my HELOC provided overdraft protection as to one or more accounts, that overdraft protection will be terminated. I understand that I will still remain liable for the outstanding balance of my HELOC, as provided under the Loan Documents and this Home Affordable Modification Agreement.

  B. I acknowledge receipt of the Closing Disclosure accompanying this Home Affordable Modification Agreement.

  C. All persons who signed the Loan Documents or their authorized representative(s) have signed this Home Affordable Modification Agreement, unless a borrower or co-borrower is deceased or the Lender has waived this requirement in writing.

  D. This Home Affordable Modification Agreement shall supersede the terms of any modification, forbearance, trial period plan or workout plan that I previously entered into with Lender as to my second lien mortgage Loan.

  E. Except to the extent that they are modified by this Home Affordable

Modification Agreement, I will comply with and be bound by all covenants, agreements, and requirements of the Loan Documents. These covenants, agreements and requirements include, but are not limited to, my agreement to make all payments of taxes, insurance premiums, assessments, and all other payments relating to the Property I am required to make under the Loan Documents, the amount of which payments may change periodically over the term of my Loan.

F. The Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed except as modified by this Home Affordable Modification Agreement.

G. Notwithstanding any other provision of this Home Affordable Modification Agreement, any provision in any of the Loan Documents providing for a penalty for full or partial prepayment of the principal balance of the Loan shall be null and void.

H. This Home Affordable Modification Agreement shall be null and void if Lender does not receive all necessary title endorsements, title insurance products, and/or subordination agreements. I also agree to allow Lender to attach an Exhibit A to this Home Affordable Modification Agreement which will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

I. All terms and provisions of the Loan Documents, except as expressly modified by this Home Affordable Modification Agreement, remain in full force and effect; and nothing in this Home Affordable Modification Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents as modified by this Home Affordable Modification Agreement.

J. Notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of

this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

K. A buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. This Home Affordable Modification Agreement may not, under any circumstances, be assigned to, or assumed by, a third party.

L. In consideration of this Home Affordable Modification Agreement, I agree to execute any document, including any corrected documents and replacements for lost documents, necessary to consummate the transactions contemplated in this Home Affordable Modification Agreement. If any document related to the Note and Security Instrument and/or this Home Affordable Modification Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after receipt by me of a written request for such replacement.

In Witness Whereof, the Lender and I have executed this Agreement.
(Signatures must be signed exactly as printed, original signature required, no photocopies accepted)

SIGN HERE ▸ _____*signature*_____
Klaus Schmeil
(Must Be Signed Exactly As Printed)

05 / 11 / 2017
MM/DD/YYYY

SIGN HERE ▸ _____*signature*_____
Elahe Schmeil
(Must Be Signed Exactly As Printed)

05 / 11 / 2017
MM/DD/YYYY


_____[Space below this line for Acknowledgement]_____

STATE OF New York
COUNTY OF Essex

On the 11th day of May in the year 2017 before me, the undersigned, a Notary Public in and for said State, personally appeared Klaus Schmeil and Elahe Schmeil, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person or entity upon behalf of which the person or entity acted, executed the instrument.

WITNESS my hand and official seal.

_Rose M. VanWormer_ Notary Signature
_Rose M. Van Wormer_ Notary Public Printed Name
_9/2/2020_ Notary Public Commission Expiration Date

ROSE M. VAN WORMER
Notary Public, State of New York
No. 01VA6192635
Qualified in Essex County
Commission Expires September 02, 2020

**(Please ensure seal does not overlap any language or print)**

Page 10

**DO NOT WRITE BELOW THIS LINE.**
********************************************************************************
THIS SECTION IS FOR INTERNAL USE ONLY

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP By: Urban Settlement Services, LLC, its attorney in fact

By: _____

Name: **Stephanie Casillas**
Title: **Assistant Secretary**

Date: AUG 0 2 2017

_____[Space below this line for Acknowledgement]_____

STATE OF Colorado
COUNTY OF Broomfield

On 2nd day of Aug in the year 2017 before me, SUSAN THAO Notary Public, personally appeared **Stephanie Casillas** Assistant Secretary of Urban Settlement Services, LLC, attorney in fact for Bank of America, N.A., personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____ Notary Signature
SUSAN THAO   Notary Public Printed Name

DEC 2 7 2019   Notary Public Commission Expiration Date

(Please ensure seal does not overlap any language or print)

```
SUSAN THAO
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20114079982
COMMISSION EXPIRES DEC. 27, 2019
```

Page 11

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**796989**
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
<u>Attorneys for Secured Creditor: BANK OF AMERICA, N.A.</u>

In Re:

    KLAUS SCHMEIL

Case No.: 14-24721

Hearing Date:

Judge: CHRISTINE M. GRAVELLE

## ORDER APPROVING LOAN MODIFICATION

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**.

Upon consideration of Movant's Motion to Approve Loan Modification:

**ORDERED**, that the Movant's Motion to Approve Loan Modification is hereby **GRANTED;** and it is further

**ORDERED**, that approval and recording (if applicable) of the loan modification shall in no way constitute a violation of the automatic stay.

**ORDERED**, that if the pre-petition arrears are capitalized into the loan modification, secured creditor shall amend its Proof of Claim within thirty (30) days of the date of this Order. Upon receipt of an Amended Proof of Claim, the Trustee may disburse the funds being reserved pursuant to this order to other creditors in accordance with the provisions of the confirmed plan.

**ORDERED**, that if post-petition arrears are capitalized into the loan modification, secured creditor shall file an amended post-petition order within thirty (30) days of the date of this Order. Upon receipt of an amended post-petition order, the Trustee may disburse the funds being reserved pursuant to this order to other creditors in accordance with the provisions of the confirmed plan.

**ORDERED**, that the debtors shall file a Modified Plan and Amended Schedule J within 10 days of the entry of the within order.

**ORDERED**, that in the event a loan modification is completed and the pre-petition arrears are capitalized into the loan, secured creditor shall file an amended proof of claim to reflect the arrears disbursed by the Chapter 13 Trustee prior to the loan modification effective date or zero pre-petition arrears.

**ORDERED**, that the Chapter 13 Trustee shall suspend disbursements to secured creditor pending completion of the loan modification and all money that would otherwise be paid to the secured creditor be held until the claim is amended or the Trustee is notified by the secured creditor that the modification was not consummated.

**ORDERED**, that in the event the modification is not consummated the secured creditor shall notify the Trustee and the Debtor's attorney of same. Any money that was held by the Trustee pending completion of the modification shall then be paid to the secured creditor.

**ORDERED**, that in the event the proof of claim is amended to reflect the arrears disbursed by the Chapter 13 Trustee prior to the loan modification effective date or zero pre-petition arrears, the Trustee may disburse funds being held pursuant to this order to other creditors in accordance with the provisions of the confirmed plan.